IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT VILLAFUERTE, JOSE MARTINEZ, and RENE GONZALEZ, Individually and on behalf of all others similarly situated | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:14-CV-1 |
| v. | § § | |
| PIONEER ENERGY SERVICES CORP. and PIONEER COILED TUBING SERVICES F/K/A GO COIL, LLC | § § § § | JURY TRIAL DEMANDED |
| *Defendants* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Robert Villafuerte, Jose Martinez, and Rene Gonzalez bring this action individually and on behalf of all current and former employees (hereinafter "Plaintiffs and the Potential Class Members") of Pioneer Energy Services Corp. and Pioneer Coiled Tubing Services, LLC f/k/a Go Coil, LLC (collectively "the Pioneer Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiffs and the Potential Class Members are those persons who are current and former non-exempt employees of the Pioneer Defendants who worked as oil field workers within the last three years.

1.3     Plaintiffs and the Potential Class Members were paid on a salary basis plus a job bonus.

1.4     Plaintiffs and the Potential Class Members were not paid overtime (time and one-half) for all hours worked in excess of forty (40) hours per workweek.

1.5     Plaintiffs and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.6     The Pioneer Defendants knowingly and deliberately failed to compensate Plaintiffs and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.7     Therefore, the Pioneer Defendants' compensation policy violates the FLSA mandate that non-exempt employees, such as Plaintiffs and the Potential Class Members, be compensated at one and one-half times their actual regular rate of pay for each hour worked beyond forty (40) each week.

1.8     Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Moreover, all exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.9     Plaintiffs and the Potential Class Members seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiffs also pray that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Robert Villafuerte ("Villafuerte") is an individual who resides in Corpus Christi, Nueces County, Texas. Plaintiff Villafuerte has been employed by the Pioneer Defendants

within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Villafuerte did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2   Plaintiff Jose Martinez ("Martinez") is an individual who resides in Corpus Christi, Nueces County, Texas. Plaintiff Martinez was employed by the Pioneer Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Martinez did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.3   Plaintiff Rene Gonzalez ("Gonzalez") is an individual who resides in Mission, Hidalgo County, Texas. Plaintiff Gonzalez was employed by the Pioneer Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Gonzalez did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

2.4   The Potential Class Members are those current and former non-exempt employees of the Pioneer Defendants who were oil field workers and subjected to the same illegal pay system under which Plaintiffs worked and were paid.

2.5   Pioneer Energy Services Corp. ("Pioneer Energy") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business in San Antonio, Bexar County, Texas. Pioneer Energy Services Corp. may be served through its registered agent for service, Capitol Corporate Services, Inc. 800 Brazos, Suite 400, Austin, Texas 78701.

---

[1] The written consent of Robert Villafuerte is attached hereto as Exhibit "A."
[2] The written consent of Jose Martinez is attached hereto as Exhibit "B."
[3] The written consent of Rene Gonzalez is attached hereto as Exhibit "C."

2.6     Pioneer Coiled Tubing Services, LLC ("Pioneer Coiled Tubing") is believed to be the successor to Go Coil, LLC.[4] Pioneer Coiled Tubing Services, LLC is a limited liability company duly organized under the laws of Louisiana, having its principal place of business in Maurice, Louisiana. Pioneer Coiled Tubing Services, LLC may be served through its registered agent for service, Capitol Corporate Services, Inc. 800 Brazos, Suite 400, Austin, Texas 78701.

2.7     Upon information and belief, Plaintiffs and the Potential Class Members worked for Pioneer Energy Services Corp., Pioneer Coiled Tubing Services, LLC, and Go Coil, LLC within the relevant three-year period.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over the Pioneer Defendants because the cause of action arose within this district as a result of the Pioneer Defendants' conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     In addition, Plaintiffs Villafuerte and Martinez were residing in Nueces County, Texas at all times relevant to their employment with the Pioneer Defendants.

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

---

[4] Go Coil, LLC was created on November 10, 2011 and changed to Pioneer Coiled Tubing Services, LLC on July 9, 2012. A true and correct copy of the Texas Secretary of State "Amendment to Registration" dated August 1, 2012 is attached hereto as Exhibit "D" and incorporated as if set forth fully herein.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, the Pioneer Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, the Pioneer Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, the Pioneer Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs and the Potential Class Members' employment by the Pioneer Defendants, these individuals provided services for the Pioneer Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiffs and the Potential Class Members are (or were) non-exempt employees of the Pioneer Defendants who were engaged in oilfield services that were directly essential to the production of goods for the Pioneer Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiffs and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of Pioneer Energy Services Corp., Pioneer Coil Tubing Services, LLC, and/or Go Coil, LLC, from January 2, 2011 to the present, who were paid not paid overtime compensation for time worked in excess of forty hours per workweek."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of the Pioneer Defendants, and their related and affiliated entities.

## V.
## FACTS

5.1     Defendant Pioneer Energy is a diversified oilfield service company with locations across the country and around the world.

5.2     Defendant Pioneer Energy provides land contract drilling services and production services to independent and major oil and gas exploration and production companies.

5.3     Defendant Pioneer Energy's production services include well servicing, wireline, coiled tubing, and fishing and rental services.

5.4     Plaintiff Villafuerte is currently employed by the Pioneer Defendants and has been since approximately March 2013.

5.5     Plaintiff Villafuerte is paid on a salary basis plus a non-discretionary job bonus for time worked at a well site/drilling location.

5.6     Plaintiff Martinez was employed by the Pioneer Defendants from approximately November 2012 until September 2013.

5.7 Plaintiff Martinez was paid on a salary basis plus a non-discretionary job bonus for time worked at a well site/drilling location.

5.8 Plaintiff Gonzalez was employed by the Pioneer Defendants from approximately March 2011 until May 2012 and November 2012 until August 2013.

5.9 Plaintiff Gonzalez was paid on a salary basis plus a non-discretionary job bonus for time worked at a well site/drilling location.

5.10 The non-discretionary bonuses paid to Plaintiffs and the Potential Class Members were meant to encourage and motivate Plaintiffs and the Potential Class Members to work harder and to reward them for their hard work.

5.11 The non-discretionary bonuses were based upon a pre-determined formula established by the Pioneer Defendants.

5.12 Moreover, specific criteria had to be met in order to receive the job bonuses.

5.13 When Plaintiffs and the Potential Class Members met the criteria, they were entitled to receive the job bonuses.

5.14 Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) must be included in an employee's regular rate of pay before any and all overtime multipliers are applied.

5.15 Not only did the Pioneer Defendants fail to include these non-discretionary job bonuses in their employees' regular rates of pay before applying any and all overtime multipliers, the Pioneer Defendants did not (and do not) pay any overtime at all for work in excess of forty (40) hours per week.

# VI.
# CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 The Pioneer Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, the Pioneer Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation.

6.3 The Pioneer Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4 The Pioneer Defendants employs thousands of employees across the country and around the world.

6.5 The Pioneer Defendants are sophisticated parties and employers, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.6 Plaintiffs and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted the Pioneer Defendants to pay according to the law.

6.7 The decision and practice by the Pioneer Defendants to not pay overtime was neither reasonable nor in good faith.

6.8     Accordingly, Plaintiffs and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### B.     COLLECTIVE ACTION ALLEGATIONS

6.9     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs.

6.10    Other similarly situated employees have been victimized by the Pioneer Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.11    The Potential Class Members are "all current and former employees who were employed by Pioneer Energy Services Corp., Pioneer Coil Tubing Services, LLC, and/or Go Coil, LLC, from January 2, 2011 to the present, who were not paid overtime compensation for time worked in excess of forty hours per workweek."

6.12    The Pioneer Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

6.13    Thus, Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

6.14    The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.15    All of the Potential Class Members, regardless of their specific job titles, precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.16    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.17    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WERE EMPLOYED BY PIONEER ENERGY SERVICES CORP., PIONEER COILED TUBING SERVICES, LLC, AND/OR GO COIL, LLC, FROM JANUARY 2, 2011 THROUGH THE PRESENT, WHO WERE NOT PAID OVERTIME FOR ALL HOURS WORKED IN EXCESS OF FORTY (40) HOURS PER WORKWEEK**

## VII.
## RELIEF SOUGHT

7.1    Plaintiffs respectfully pray for judgment against the Pioneer Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring the Pioneer Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding the Pioneer Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

e.    For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

      g.      For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      h.      For an Order compelling the accounting of the books and records of the Pioneer Defendants; and

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Craig M. Sico*
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333